**BOARD OF TRUSTEES OF TRUCKING EMPLOYEES OF NORTH JERSEY WELFARE FUND, INC.—PENSION FUND, Plaintiff,**

v.

**ABLE TRUCK RENTAL CORPORATION, a New Jersey corporation, Able Trucking Repairs Ltd., Inc., a New Jersey corporation, Clause Industries, Inc., a New Jersey corporation, Clause Trucking and Warehousing Corp. p/k/a Clause Warehousing & Distribution Corporation, a New Jersey corporation, Clause Realty Corp., a New Jersey corporation, jointly and severally, Defendants.**

Civ. A. No. 91–4328(JCL).

United States District Court, D. New Jersey.

March 31, 1993.

Richard Friedman, Zazzali, Zazzali, Fagella & Nowak, Trenton, NJ, Elizabeth Rober-

to, Eames, Wilcox, Mastej, Byrant, Swift, & Ridell, Detroit, MI, for plaintiff.

Martin J. Brenner, Brenner & Falkin, Livingston, NJ, for defendants.

## OPINION & ORDER

LIFLAND, District Judge.

Presently before the Court are cross-motions for summary judgment. The issue addressed in the instant matter is whether an action initiated against members of a controlled group, to enforce a judgment previously entered against another member of the controlled group, is governed by the statute of limitations for enforcement of judgments, or by the limitations period set forth in § 1451 of the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA").

## BACKGROUND

### Legal Background:

Under the Employee Retirement Income Security Act of 1974 ("ERISA") employers may contribute to pension funds on behalf of their employees. 29 U.S.C. § 1001 *et seq.* In 1980, ERISA was amended by the MPPAA. 29 U.S.C. § 1381 *et seq.* Pursuant to the MPPAA, when a contributing employer withdraws from participation in a fund, the employer is assessed withdrawal liability. Since under the MPPAA all businesses under common control are treated as one employer, 29 U.S.C. § 1301(b)(1), each member of a controlled group is liable for the withdrawal liability of any other controlled group member. *See e.g. Flying Tiger v. Teamsters Pension Fund,* 830 F.2d 1241, 1244 (3d Cir.1987) ("Since a controlled group is to be treated as a single employer, each member of such a group is liable for the withdrawal of any other member of the group").

Fund administrators initially determine the amount of withdrawal liability owed. After making such a determination, the fund must notify the employer of the amount of liability and demand payment. 29 U.S.C. § 1399(b)(1). Employers have ninety days from the date of the notice to institute statutory review and arbitration proceedings to contest the assessment. Failure to initiate such proceedings results in default. 29 U.S.C. §§ 1399(b)(2), 1401(a).

If an employer fails to make the required payments, the fund may bring an action for payment against the employer. 29 U.S.C. § 1451. As provided by § 1451, such an action must be brought no later than:

(1) six years after the date on which the cause of action arose, or

(2) three years after the earliest date on which the plaintiff acquired or should have acquired knowledge of the existence of such cause of action; except in the case of fraud or concealment such action may be brought no later than six years after the date of discovery of the existence of such cause of action.

### Factual Background:

The Board of Trustees of Trucking Employees of North Jersey Welfare Fund, Inc.—Pension Fund ("Fund") is the plan sponsor of a multiemployer pension fund as defined under ERISA. 29 U.S.C. §§ 1002(37), 1301(3). Able Trucking Company ("Trucking") was a contributing employer to the Fund pursuant to a collective bargaining agreement it executed with Teamsters Local Union No. 560 ("Local 560"). The defendants are several companies which plaintiff alleges were members of a controlled group with Trucking: Able Truck Rental Corporation ("Rental"), Able Trucking Repairs LTD., Inc. ("Repairs"), Clause Industries, Inc. ("Industries"), Clause Trucking and Warehousing Corp. ("Warehousing") and Clause Realty Corp. ("Realty").

In July 1983 Trucking ceased operations. On November 7, 1983, the Fund determined that Trucking had permanently terminated its operations and ceased contributing to the Fund. Thus, pursuant to the MPPAA, the Fund calculated an assessment against Trucking for complete withdrawal and sent the statutory notice and demand. The notice advised Trucking that Trucking's withdrawal liability was $129,042.00, to be paid in installments of $2,471.00 per month, commencing January 1, 1984, with the final payment of 1,643.00 payable on February 1, 1989.

The notice also stated that Trucking would have 90 days to institute statutory review and arbitration proceedings to contest the assessment. No review and arbitration pro-

ceedings were initiated and no payments were made. Consequently, Trucking was sent notification of default.

On September 4, 1984 a lawsuit to collect the assessment was instituted by the Fund in the United States District Court for the District of New Jersey. *Sheridan v. Able Trucking Co.*, Docket No. 84–3602. A default judgment was entered on May 8, 1985. More than six years later, on September 30, 1991, the Fund brought the instant action, alleging that as members of a controlled group with Trucking, defendants are responsible for the judgment previously entered against Trucking.

## THE POSITIONS OF THE PARTIES

Plaintiff argues that the instant action is one to enforce a prior judgment. Defendants argue that the instant action is a new MPPAA cause of action against different defendants than the one previously sued. If defendants' position is correct, the exact date when plaintiff acquired or should have acquired knowledge of the relationship between Trucking and the defendants is important because a determination must be made as to whether the three-years-after-knowledge provisions of the statute of limitations set forth in § 1451 of the MPPAA is applicable.[1] However, if plaintiff's position is correct, the exact date when plaintiff discovered the relationship is not relevant because the limitations period for enforcement of a prior judgment has not yet run.

The Fund alleges that it did not discover the relationship until August 15, 1991; by happenstance, while investigating another claim involving a different company, its attorney discovered letterhead which listed the defendants along with Trucking.

Defendants argue that plaintiff knew of the relationship well before 1991. Defendants point to several events which suggest plaintiff had knowledge or should have had knowledge of the relationship between Trucking and the defendants as early as 1983.

## DISCUSSION

*Fed.R.Civ.P.* 56(c) provides that summary judgment shall be granted:

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of showing that no genuine issue of material fact exists rests initially on the moving party. Once the moving party has shown that there is an absence of evidence to support the non-moving party's case, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Fed.R.Civ.P.* 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). There is no issue for trial unless the non-moving party can demonstrate that there is sufficient evidence favoring the non-moving party to enable a reasonable fact finder to return a verdict in that party's favor. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. The court must view the facts and inferences therefrom in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

Plaintiff moves for summary judgment against all the defendants except Warehousing. Plaintiff argues that those defendants were members of a controlled group with Trucking, and are therefore liable for the withdrawal liability assessed against Trucking. Plaintiff also argues that its action is timely and is not barred by either the statute of limitations nor the equitable defenses of laches or estoppel.

Defendants cross-move for summary judgment. Defendants argue that plaintiff's action is barred by the statute of limitations set forth in § 1451 of the MPPAA. Defendants do not address the equitable defenses of laches or estoppel in their brief. Defendants do not deny that defendants Rental, Repairs, Industries and Realty were members of a controlled group with Trucking during 1983.

---

1. Given the undisputed facts, it is clear that the six-year statute of limitations in § 1451, if applicable, would bar this action.

Thus, the only contested issue is whether plaintiff's action is timely.

*Statute of Limitations*

Plaintiff argues that its 1985 judgment against Trucking was, in effect, a judgment against each member of the controlled group. Therefore, plaintiff concludes that the MPPAA statute of limitations is not applicable to the instant action, and the applicable statute of limitations is New Jersey's twenty-year statute of limitations for enforcement of judgments. N.J.Stat.Ann. § 2A:14–5.

Defendants argue that the MPPAA six-year statute of limitations (or, in the alternative, the three-years-after-knowledge statute of limitations) is applicable, because this action is, in effect, an MPPAA action against them to establish that they are members of a controlled group with Trucking.

Courts have not addressed whether an action to enforce a judgment against members of a controlled group should be treated as an action to enforce a judgment or as an action governed by the limitations period set forth in the MPPAA. However, several courts have addressed related issues. First, the Third Circuit has decided that statutory notice to an employer should be imputed to other members of the controlled group. *IUE AFL–CIO Pension Fund v. Barker & Williamson,* 788 F.2d 118 (3d Cir.1986). Second, several courts have addressed the question of which limitations period applies to actions seeking to pierce the corporate veil. *United States v. Southern Fabricating Co., Inc.,* 764 F.2d 780 (11th Cir.1985); *William Passalacqua Builders v. Resnik Developers South, Inc.,* 933 F.2d 131 (2nd Cir. 1991); *United States v. Clawson Medical Rehabilitation and Pain Care Center,* 722 F.Supp. 1468 (E.D.Mich.1989). As discussed *infra,* these cases support plaintiff's position. Defendants have not offered any cases to support their position.

*Barker & Williamson* dealt with a Fund's statutory obligation of notice and demand under 29 U.S.C. § 1399(b)(1). The court held that notice to one member of a controlled group constitutes notice to the other members of the controlled group. *Barker & Williamson,* 788 F.2d at 128.

Barker and Williamson Inc. ("B & W") contributed to the plaintiff fund pursuant to a collective bargaining agreement. On February 17, 1982 the Fund advised B & W that it would be liable for withdrawal liability to the Fund if it closed. On September 1, 1982, the Fund sent the required statutory notice and demand requesting payment of withdrawal liability by B & W in quarterly installments. *Id.* at 121. Thereafter, the Fund sued B & W for MPPAA withdrawal liability. The court permitted the Fund to amend its complaint to add Sentinel Electronics Inc. ("Sentinel") and Timet Corporation as defendants. The amended complaint alleged that these corporations were members of a controlled group with B & W, and that all three corporations were to be deemed collectively a single employer of B & W's employees. *Id.* The claims against Sentinel and Timet were brought within six years of the establishment of B & W's withdrawal liability and therefore there was no statute of limitations issue.

At issue in *Barker & Williamson* was whether the notice to B & W of its withdrawal liability, as required by the MPPAA, constituted constructive notice to Sentinel. The court held that there was constructive notice to Sentinel. Therefore, Sentinel was precluded from challenging the determination of withdrawal liability against B & W,[2] *Id.* at 127–128, and was bound by the September 1982 assessment.

29 U.S.C. § 1301(b)(1) provides that for the purpose of Subchapter III of ERISA "all employees of trades or businesses ... which are under common control shall be treated as employed by a single employer and all such trades or businesses as a single employer." *Barker & Williamson* held that "because all trades or businesses under common control 'shall be treated ... as a single employer,' notice to one should be notice to all." *Id.* at 127.[3]

---

2. After a debtor employer receives statutory notice, the employer has ninety days from the date of the notice to institute statutory review and arbitration proceedings. Failure to institute such proceedings results in default. 29 U.S.C. § 1399(b)(2).

3. Both the MPPAA notice provision, 29 U.S.C. § 1399 and the statute of limitation provision, 29 U.S.C. § 1451 are within subchapter III of ERISA.

Plaintiff argues that under the "single employer" concept of MPPAA, followed by the Third Circuit in *Barker & Williamson,* there is one notice, one 90–day time period within which to initiate review and arbitration, and one arbitration, all of which bind all members of a controlled group. Plaintiff then argues that there should be only one judgment, which binds all members of a controlled group, and that this action against the defendants should be considered an action to enforce against the defendants the prior judgment rendered against Trucking.

Plaintiff concedes that in the enforcement action, common control must be established, but argues that that does not change the nature of the action; it is still an enforcement action which must be brought within twenty years from the date of the judgment.

Plaintiff also analogizes this case to *alter ego* cases which address the limitations period applicable to actions in which a plaintiff seeks to pierce the corporate veil based on *alter ego* theories. Plaintiff argues that the reasoning in those cases should be applied since defendants are *alter egos* of Trucking, albeit statutory *alter egos.*

Several cases have addressed the statute of limitations applicable to actions seeking to pierce the corporate veil. Those cases have held that such actions should be construed as actions to enforce a judgment. An action to pierce the corporate veil is timely if the underlying action against the corporation was timely and the subsequent action to pierce the corporate veil to enforce the judgment was brought within the limitations period for enforcement of judgments. *Wm. Passalacqua Builders v. Resnik Developers South, Inc.,* 933 F.2d 131 (2nd Cir.1991) (holding that New York's twenty-year judgment enforcement statute of limitations was applicable to an action against related entities based on *alter ego* theories); *United States v. Southern Fabricating Co.,* 764 F.2d 780 (11th Cir.1985) (holding that the six-year statute of limitations governing contract actions brought by the United States does not apply to its action to enforce a judgment by

piercing the corporate veil); *United States v. Clawson,* 722 F.Supp. 1468 (E.D.Mich.1989) (holding that the six-year statute of limitations governing recovery of Medicare overpayments did not apply to the government's action to pierce the corporate veil and collect an overpayment from a sole shareholder alleged to be the *alter ego* of a corporation).

All of these courts treated the *alter egos* as the same entity as the debtor. Since there was only one entity, there could only be one judgment. Thus, the subsequent actions against the *alter egos* were regarded as enforcements of the underlying judgments.

While defendants argue that the above cases are not on point because they did not involve the MPPAA, defendants do not suggest any reason for treating collection cases under MPPAA differently than other collection cases.

The Court accepts plaintiff's statute of limitations arguments and will treat a subsequent action against a member of a controlled group as an action to enforce a prior judgment against another member. The Court is persuaded that pursuant to the single employer concept adopted by the Third Circuit in *Barker & Williamson, supra,* only one withdrawal liability judgment can exist against members of a controlled group. Thus, it follows that all subsequent actions against different members of the controlled group are actions to enforce the judgment previously entered, and such an action is timely if brought within the period of the statute of limitations for enforcement of judgments. Moreover, pursuant to the MPPAA, members of a controlled group are statutory *alter egos,* and the *alter ego* cases cited above should be applied in the MPPAA context. Thus, once plaintiff establishes that an *alter ego* relationship existed, the statute of limitations for enforcement of judgments should be applied.

Plaintiff's action against defendants is timely since it was brought within twenty years [4] of the entry of plaintiff's judgment

---

4. In *Gluck v. Unisys Corp.,* 960 F.2d 1168, 1179 (3rd Cir.1992), the Third Circuit held that in the absence of an applicable ERISA limitations period, courts must apply the statute of limitations for the state claim most analogous to the ERISA

claim pursued. Thus, New Jersey's twenty-year statute of limitations for enforcement of judgments governs the instant case. N.J.Stat.Ann. 2A:14–5.

against Trucking on May 8, 1985. The MPPAA statute of limitations in 29 U.S.C. § 1451 does not apply to this case. Accordingly, summary judgment in favor of the Fund is appropriate, defendants having raised no issues of material fact.

*Remedy*

Plaintiff argues that it is entitled to unpaid contributions, interest on unpaid contributions, and statutory liquidated damages (the greater of 20% of the assessment or double interest). 29 U.S.C. § 1132(g)(2). Plaintiff is correct. The amount due plaintiff, as of May 1, 1992, is as follows:

| | |
|---|---|
| Trucking's withdrawal liability (as per default judgment) | 129,042.00 |
| Accrued Interest | 107,534.50 |
| Statutory Liquidated Damages | 107,534.50 |

(*See* Affidavit of Glenn Simpson). Defendants do not contest this calculation of liability in their brief. However, it must be updated.

Accordingly,

**IT IS** on this 31st day of March, 1993 **ORDERED** that plaintiff's motion for summary judgment is granted;

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment is denied;

**IT IS FURTHER ORDERED** that counsel shall submit a proposed form of order reflecting the appropriate amount of withdrawal liability, accrued interest, and statutory liquidated damages, consented to as to form.