**BOARD OF TRUSTEES OF TRUCKING EMPLOYEES OF NORTH JERSEY WELFARE FUND, INC.—PENSION FUND, Plaintiff,**

v.

**ABLE TRUCK RENTAL CORPORATION, a New Jersey corporation, Able Trucking Repairs Ltd., Inc., a New Jersey corporation, Clause Industries, Inc., a New Jersey corporation, Clause Trucking and Warehousing Corp. p/k/a Clause Warehousing & Distribution Corporation, a New Jersey corporation, Clause Realty Corp., a New Jersey corporation, jointly and severally, Defendants.**

Civ. A. No. 91–4328(JCL).

United States District Court,
D. New Jersey.

May 21, 1993.

Richard Friedman, Zazzali, Zazzali, Fagella & Nowak, Trenton, NJ, Elizabeth Roberto, Eames, Wilcox, Mastej, Byrant, Swift, & Ridell, Detroit, MI, for plaintiff.

Martin J. Brenner, Brenner & Falkin, Livingston, NJ, for defendants.

## OPINION

LIFLAND, District Judge.

Presently before the Court is defendants' motion to vacate this Court's Order entered March 31, 1993, 822 F.Supp. 1091. Plaintiff opposes defendants' motion. For the reasons set forth below, the Court will deny defendants' motion.

Defendants have referred the Court to certain cases which they feel support their position that an action to collect a judgment against members of a controlled employer group is governed by the limitations period set forth in § 1451(f) of the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1381 *et seq.*, and is not governed by the statute of limitations for enforcement of judgments. Defendants assert that these cases were inadvertently omitted from their initial brief, and move pursuant to *Fed.R.Civ.P.* 60(b) to vacate this Court's prior Order.

The Court has reviewed the additional cases cited by defendants on this relatively obscure issue, and is not persuaded that the Court's Order dated March 31, 1993 should be vacated. Defendants direct the Court's attention to *Teamsters Pension Trust Fund v. H.F. Johnson,* 830 F.2d 1009 (9th Cir. 1987); *Central States, Southeast and Southwest Areas Pension v. Mississippi Warehouse Corporation,* 1992, U.S.Dist. LEXIS 14829 (D.Ill.1992); and *Connors v. Peles,* 724 F.Supp. 1538 (W.D.Pa.1989).

The *Johnson* case is not on point. In *Johnson,* the Ninth Circuit held that the MPPAA six-year statute of limitations for enforcement of a withdrawal liability assessment preempted the Montana Probate Code which required that all claims against an estate be brought within four months of notice to the creditors. 830 F.2d at 1016. In *Johnson,* the Ninth Circuit did not address the limitations period applicable to the enforcement of a judgment that had been previously entered against one member of an employer group.

Defendants also rely on *Mississippi Warehouse* in support of their position. As in this case, the plaintiff in *Mississippi Warehouse* sought to enforce, against other controlled group members, a judgment previously obtained against an employer. The action was brought ten years after withdrawal liability was assessed. The Court held that the plaintiff was bound by the six-year limitations period of the MPPAA.

The Court finds *Mississippi Warehouse* unpersuasive. The Court reasoned that if a pension fund brings an action under § 1451(a), then it must be bound by the limitations period set forth in § 1451(f). This Court believes that the better view is that the initial action brought by a pension plan to obtain a judgment of withdrawal liability must be brought within the six-year limitation period set forth in § 1451(f). However, once a judgment is obtained it can

be enforced against other controlled group members in the same way it could be enforced against an alter ego, that is, pursuant to the statute of limitations governing enforcement of judgments.[1]

Defendants question this Court's conclusion that members of a controlled group are, in effect, "statutory alter egos." *Board of Trustees of Trucking Employees of North Jersey Welfare Fund, Inc. v. Able Truck Rental Corp.,* 822 F.Supp. 1091, 1095 (D.N.J. 1993). Defendants argue that controlled group members are not *per se* alter egos and that controlled group liability is an independent cause of action, distinct from a claim based on alter ego liability. In support of their position defendants rely on *Connors v. Peles,* 724 F.Supp. 1538 (W.D.Pa.1989). Defendants note that the *Connors* Court stated:

> The ERISA "common control" statute ... is a separate legal claim or cause of action under ERISA whereby two or more businesses under common control may be liable for withdrawal liability. The cause of action is entirely a creature of ERISA— that it is distinct from an "alter ego" claim requires no decision.

*Id.* at 1577.

The above statement relied on by defendants is dicta. In *Connors,* the plaintiffs proceeded exclusively on a common law theory of alter ego liability; no controlled group claim under ERISA was ever asserted.

Also, the Court does not dispute that "controlled group" claims and common law "alter ego" claims are distinct. However, as explained in the Court's March 31, 1993 Opinion, the MPPAA and the Third Circuit have established that controlled groups are to be treated as a single entity. Thus, the cases involving common law alter egos are helpful because controlled group members are analogous to common law alter egos.

■ The Court awarded plaintiff accrued interest and statutory liquidated damages pursuant to 29 U.S.C. § 1132(g)(2). For the first time, defendants raise the issue of the Fund's right to remedies under 29 U.S.C. § 1132(g)(2). Defendants argue that if plaintiff avoids the time limits of § 1451(f) by being permitted to proceed on the theory that the instant action is simply an action to enforce a judgment against Trucking, then plaintiff should not be entitled to "... mandatory interest, attorney fees and liquidated damages ..." under 29 U.S.C. § 1132(g)(2).[2] In other words, defendants assert that if the Court views this action as an enforcement of a judgment action, then ERISA remedies are not applicable.

29 U.S.C. § 1451(a) is the jurisdictional basis for the instant case. § 1451(a) provides:

> A plan fiduciary, employer, plan participant, or beneficiary, who is adversely affected by the act or omission of any party under this subtitle with respect to a multiemployer plan ... may bring an action for appropriate legal or equitable relief, or both.

29 U.S.C. § 1451(b) provides that the failure to make a withdrawal liability payment is to be treated in the same manner as a delinquent contribution within the meaning of 29 U.S.C. § 1145. *United Retail & Wholesale Employees Teamsters Union Local No. 115 Pension Plan v. Yahn & McDonnell, Inc.,* 787 F.2d 128, 134 (3d Cir.1986), *aff'd,* 481 U.S. 735, 107 S.Ct. 2171, 95 L.Ed.2d 692 (1987). Thus, plaintiff's action to enforce withdrawal liability is to be treated as an action brought under § 1145. 29 U.S.C. § 1132(g) provides that in any action brought by a pension plan to enforce § 1145 in which a judgment is awarded in favor of the plan,

---

1. Recently, my colleague Judge Ackerman similarly rejected *Mississippi Warehouse's* reasoning. In *Board of Trustees of Trucking Employees of North Jersey Welfare Fund, Inc.—Pension Fund v. Gotham Fuel Corporation et al.,* Dkt. 92–4094, Judge Ackerman held that the applicable statute of limitations was the one governing enforcement of judgments.

2. Initially, the Fund did not move for attorney fees. Therefore, in the Court's March 31, 1993 Order, the Fund was not awarded attorney fees. Subsequently, the Fund moved for attorney fees pursuant to § 1132(g)(2). Currently, this motion is pending before the Court.

the court must award interest on the unpaid contribution, reasonable attorney fees and costs, and the greater of either 20% of the unpaid contributions or an amount equal to the accrued interest. 29 U.S.C. § 1132(g). Such an award is mandatory. *See Yahn,* 787 F.2d at 134 ("§ 1132 made attorney fees, costs and liquidated damages mandatory upon a judgment in favor of a pension plan").

Defendants assert that if the Court does not apply the statute of limitations set forth in § 1451(f) because the instant action is in effect an enforcement of a judgment action, ERISA remedies in § 1132(g) are not applicable because this action does not arise under § 1451(a).

The Court disagrees. The instant action is an action under the MPPAA and arises under § 1451(a). Section 1451(a) gives this Court jurisdiction over actions in which a pension fund is injured by the act or omission of the employer. This would include actions to collect withdrawal liability assessments. When a pension fund brings an action against known members of the controlled group, the running of the limitations period under § 1451(f) is tolled, and subsequent actions against members of the controlled group are governed by the statute of limitations for enforcement of judgments. The subsequent action for collection of the withdrawal liability against controlled group members arises under the MPPAA although the different statute of limitations for enforcement of judgments governs. Therefore, the Fund should be awarded the remedies set forth in § 1132(g)(2).